UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

IN RE:

JAMES LEE SIMPSON,　　　　　　　　　　　Case No. 15-40012-KKS
　　　　　　　　　　　　　　　　　　　　　Chapter 12
　　　　Debtor.
_____/

## MOTION OF CREDITORS, TERRY AND MARIE TAYLOR, TO DISMISS CASE

Creditors, Terry and Marie Taylor (hereinafter "the Taylors"), by and through their undersigned counsel and pursuant to 11 U.S.C. §§ 105(a) and 1208(c), hereby move the Court for an order dismissing the above-caption bankruptcy proceeding of Debtor James Lee Simpson (the "Debtor"). In support thereof, the Taylors state as follows:

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (b)(2)(O).

3. On January 9, 2015, Debtor initiated this Chapter 12 bankruptcy proceeding four days prior to the scheduled foreclosure sale in the Taylors state court action against the Debtor: *Terry Taylor and Marie Taylor v. James L. Simpson and John T. Bell*, Case No. 2012-CA-00594 (Eleventh Judicial Circuit Court in and for Gadsden County, Florida).

4. Much like his 2013 bankruptcy filing,[1] since filing his petition the Debtor has ignored this Court's deadlines and reporting requirements by:

　　a. failing to file a Summary of Operations of Chapter 12 Case as required by Northern District of Florida Local Bankruptcy Rule 2082-1(A)(1);

---

[1] See In re James Lee Simpson, Bankr. Case No. 13-40125 (Bankr. N.D. Fla 2013).

  b. failing to file a pre-confirmation statement together with his Chapter 12 Plan as required by Northern District of Florida Local Bankruptcy Rule 2082-1(B)(3) including its basis for its valuation of the property located at 2926 Salem Road, Havana, Florida 32333; and

  c. failing to file Monthly Cash Receipts & Disbursement Statements for January and February as required by Northern District of Florida Local Bankruptcy Rule 2015-1(F);

5. Pursuant to Northern District of Florida Local Bankruptcy Rule 2015-1(G), Debtor's failure to file its Monthly Cash Receipts & Disbursement Statements alone provides a sufficient basis for dismissal of this Chapter 12 bankruptcy proceeding.

6. A hearing on confirmation of the Debtor's Chapter 12 Plan (Doc. 16) has been set for May 14, 2015. However, without the financial information required to be filed pursuant the Bankruptcy Court's local rules listed above, the Taylors are unable to evaluate the Debtor's proposed Plan and its feasibility.

7. Since the filing of this action, the Taylors have attended the Meeting of Creditors and actively engaged in third-party discovery in an effort to assess the Debtor's financial condition. The Taylors wish to also conduct a 2004 Examination of the Debtor on these matters; however, without the required filings listed above, the Taylors would be without sufficient information in order to conduct a proper examination.

8. As a result, the Debtor's actions have resulted in unreasonable delay that is prejudicial to his creditors and a sufficient basis for dismissal under 11 U.S.C. § 1208(c)(1). The Taylors, who have not received a payment on Debtor's obligation since August 20, 2010, continue to await the opportunity to evaluate and object to confirmation of Debtor's Chapter 12

Plan based on lack of feasibility. By failing to comply with the local bankruptcy rules, the Debtor has not only further delayed the Taylors' right to receive payment on Debtor's obligation, but also the Taylors' right as a creditor to present a comprehensive objection to the relief sought.

9. Upon information and belief, the Debtor continues to remove sod from the Property to sell for his own benefit. Accordingly, the delay is prejudicial to the Taylors because while the Debtor continues to receive a benefit from the Property, the value of the Taylors' collateral continues to diminish and the Debtor continues to make no payments or comply with the requirements of this Chapter 12 proceeding.

WHEREFORE, Terry and Marie Taylor, respectfully request that this Court dismiss the Chapter 12 case of the Debtor, James Lee Simpson, and grant any relief the Court deems just and appropriate.

DATED this 14th day of April, 2015.

Respectfully submitted,

Jim Donohue
Florida Bar No.:
jdonohue@ausley.com
Kevin A. Forsthoefel
Florida Bar No.: 92382
kforsthoefel@ausley.com
Ausley & McMullen
123 South Calhoun Street (32301)
Post Office Box 391
Tallahassee, Florida 32302
(850) 224-9115
*Attorneys for Terry and Marie Taylor*

Certificate of Service

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via CM/ECF Electronic system to Allen Turnage (service@turnagelaw.com); Walter Kelley, Chapter 12 Trustee, (dcannon@kelleylovett.com); Albert C. Penson (acp@pendd.com); U.S. Trustee (USTPRegion21.TL.ECF@usdoj.gov); and via First Class U.S. Mail to 2926 Salem Road, Havana, Florida 32333 on this 14th day of April, 2015.

Kevin A. Forsthoefel