UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

IN RE:

JAMES LEE SIMPSON,                       Case No.  15-40012-KKS
                                                                          Chapter 12

            Debtor.
_____/

## MOTION OF CREDITORS, TERRY AND MARIE TAYLOR, FOR RELIEF FROM STAY OR, IN THE ALTERNATIVE, ADEQUATE PROTECTION

Creditors, Terry and Marie Taylor (the "Taylors"), by and through their undersigned counsel and pursuant to the provisions of 11 U.S.C. §362(d), move the Court to modify the stay on a parcel of real estate located at 2926 Salem Road, Havana, FL 32333 which was imposed by 11 U.S.C. §362(a) upon the filing of the voluntary petition under Chapter 12 of the Bankruptcy Code by the Debtor, James Lee Simpson, ("Debtor"). As grounds therefor, the Taylors state as follows:

1. The Taylors are a party in interest to this proceeding.

2. The Bankruptcy Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §1471 and 11 U.S.C. §362.

### Background

3. This is the Debtor's second bankruptcy filing in the last two years and third filing since December 30, 2002.  The Debtor last filed a petition for Chapter 12 relief with this Court on March 5, 2013 (hereinafter "the 2013 Bankruptcy Filing") before voluntarily dismissing the case on the eve of the date set for hearing on confirmation and a hearing on the Taylors' Motion to Dismiss with Prejudice.[1]

---

[1] See In re James Lee Simpson, Bankr. Case No. 13-40125 (Bankr. N.D. Fla 2013).

4. On or about October 1, 1996, the Debtor and Geralean H. Simpson (Debtor's wife, now deceased) executed and delivered to the Taylors a Promissory Note being in the original principal amount of $400,000.00.

5. On that same date, the Debtor and Geralean H. Simpson executed and delivered to the Taylors a Purchase Money Mortgage ("Mortgage") securing the payment of the Note, said Mortgage representing a first lien on 92.25 acres and a single family residence located at 2926 Salem Road, Havana, FL 32333 ("Property").

6. In 2002, the Debtor and Geralean H. Simpson filed a Chapter 12 petition (*In Re: James Lee* Simpson *and Geralean Howard Simpson,* Case No. 02-71381-TLH4, United States Bankruptcy Court in and for the Northern District of Florida, Tallahassee Division), and on May 19, 2003, an Order Confirming Amended Chapter 12 Plan was entered in said case in which the terms of the Note were modified to provide for annual payments by the Debtor to the Taylors instead of monthly payments, with an amortization period of fifteen (15) years beginning on August 31, 2003. The interest rate was modified to 7.5% per annum. The Taylors were not represented by counsel in the Simpsons' 2002 bankruptcy proceeding.

7. Annual installment payments were made by the Debtor (and John Bell) from August, 2003 through August 20, 2010, when the Taylors received their last annual payment pursuant to the earlier confirmed Amended Chapter 12 Plan.[2]

8. On July 27, 2012, the Taylors filed a complaint for foreclosure against the Debtor in *Terry Taylor and Marie Taylor v. James L. Simpson and John T. Bell*, Case No. 2012-CA-00594 (Eleventh Judicial Circuit Court in and for Gadsden County, Florida) (the "State Court Action").

---

[2] On March 24, 2015, the Taylors filed a proof of claim outlining the amount owed by the Debtor as of the date of the petition totaling $257,100.49 (Claim 1-1).

9. On March 5, 2013, Debtor initiated the 2013 Bankruptcy Filing effectively staying the foreclosure proceeding. Following voluntary dismissal of the 2013 Bankruptcy Filing on February 20, 2014, the Taylors obtained a Final Summary Judgment of Foreclosure in the State Court Action (Claim 1-1, Exhibit B) on November 12, 2014 setting the foreclosure sale of the Property for January 13, 2015.

10. On January 9, 2015, the Debtor filed this voluntary petition under Chapter 12 of the Bankruptcy Code (Doc. 1) resulting in the cancelation of the foreclosure sale and a stay of the State Court Action.

11. Accordingly, the Taylors have not received a payment on the Note or Mortgage since August 20, 2010 – over 55 months prior to the date of this filing.

<u>Argument</u>

A bankruptcy court may grant relief from the automatic stay, "such as by terminating, annulling, modifying, or conditioning such stay . . . **for cause**, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1) (emphasis added). The term "cause" is not defined in § 362(d)(1) or elsewhere in the Bankruptcy Code. <u>See, e.g.</u>, <u>In re Feingold</u>, 730 F.3d 1268, 1277 (11th Cir. 2013). However, the delay in paying a creditor for an inordinate length of time has been recognized as a cause for relief. <u>In re Senior Care Properties, Inc.</u>, 137 B.R. 527 (Bankr. N.D. Fla. 1992) (citing <u>In re A. J. N. Enterprises, Inc.</u>, 464 F.Supp. 394 (D.C. La 1987))

As noted in <u>In re Senior Care</u>, some debtors use the bankruptcy process to delay making payment to an oversecured creditor only to argue, upon the creditor filing for relief from stay, that relief should be denied because there is equity in the property and that the creditor is adequately protected. As a result, this Court in <u>In re Senior Care</u> recognized unreasonable delay

in payment as a "for cause" basis for stay relief. However, although the Court in <u>In re Senior Care</u> recognized this for cause basis, it ultimately denied the creditors motion for stay relief finding an 8 month delay in payment to be insufficient to show prejudice to the creditor.

In the case at bar the Taylors have not received a payment on their mortgage since August 2010 (over 55 months) during which time they have been forced to litigate in two separate bankruptcy filings and obtain a Final Judgment of Foreclosure in state court. By any measurement, the Taylors have suffered an unreasonable delay which is unduly prejudicial to their interest. The Taylors counted on payments by the Debtor on the Mortgage in order to fund their impending retirement while the Debtor has retained possession of the property – free of charge – for over four years. In addition, the Taylors continue to bear the risk of depreciation of the value of the Property and waste of their collateral. According to the Debtor's Amended Schedules, the Property is valued at $400,000 (Doc. 19) an approximate 40% reduction from its value according to the Debtor during his 2013 Bankruptcy Filing (previously valued at $650,000).[3] This steep reduction in value of the property over a short period of time provides further evidence that the Taylors' interest in the Property is not adequately protected. Furthermore, in light of the Debtor's financial record and repeated bankruptcy filings, it should not be surprising to this Court that the Taylors and other creditors to this proceeding lack confidence in the Debtor's ability to successfully guide the Property (a sod farm) through Chapter 12 reorganization.

In addition to the unreasonable delay in payment as a "for cause" basis for relief from the automatic stay, the Taylors argue that the timing of the Debtor's petition together with the Taylors' pending State Court Action indicates a lack of good faith in the Debtor's filing for

Chapter 12 relief – an additional basis for the Court to grant the requested relief.  See, e.g., In re Dixie Broadcasting, Inc., 871 F.2d 1023, 1026 (11th Cir. 1989) ("a petition filed in bad faith also justifies relief from a stay."). The Debtor has been in default on the Note and Mortgage since failing to make any payments due after August 20, 2010.  The Taylors obtained a Final Summary Judgment of Foreclosure on November 12, 2014 together with an order for the clerk of court to sell the Property at public sale on January 13, 2015.  On January 9, 2015 – less than four days prior to the scheduled sale – the Debtor filed this voluntary Chapter 12 petition.  Only eleven months earlier the Debtor voluntarily dismissed a Chapter 12 petition on the eve of a hearing on confirmation after staying the Taylors foreclosure action for almost a year.  The Debtor is unable to show any changed circumstances from February 20, 2014 (the date of dismissal of the 2013 Bankruptcy Filing) to January 9, 2014 (the date of the current petition) other than the progression of the Taylors' State Court Action towards foreclosure. Accordingly, in the case at bar, it is clear that the Debtor filed his petition in bad faith for the sole purpose of frustrating the Taylors' state court rights.

For these reasons, the Taylors are entitled to a lifting of the automatic stay imposed by Section 362(a) of the Bankruptcy Code "for cause."  If the Taylors are not permitted to recover the Property, they will suffer irreparable injury, loss and damage.   They Taylors, by this motion, are seeking to take action against the Property only, and are not seeking permission to seek or obtain *in personam* relief against the Debtor.  The Taylors further assert that sufficient cause exists to waive the stay of Fed. R. Bkr. P. 4001(a)(3), therefore allowing the Order to be effective upon entry by the Court.

---

[3] Notably, roughly two years ago the Debtor valued the Property at $650,000 in his 2013 Bankruptcy Filing.  This valuation was prior to the Court's determination as to the validity of John Bell's second mortgage. See Docket Entries 1 and 108 in In re James Lee Simpson, Bankr. Case No. 13-40125 (Bankr. N.D. Fla 2013).

5

WHEREFORE, the Creditors, Terry and Marie Taylor, respectfully request that this Court enter its Order modifying the automatic stay imposed by 11 U.S.C. §362 in order to permit said creditor to foreclose its mortgage, accept a deed in lieu of foreclosure or otherwise liquidate and sell the parcel of real estate specifically described herein, and to apply the proceeds therefrom to payment of the indebtedness owed to the Taylors by the Debtor; waiving the 14-day stay requirement of Federal Rule of Bankruptcy Procedure 4001(a)(3); alternatively, the Taylors respectfully request that the Court Order the Debtor to immediately commence making monthly adequate protection payments to the Taylors; and granting such further relief as this Court deems just and proper.

DATED this 16th day of April, 2015.

Respectfully submitted,

*/s/ Kevin A. Forsthoefel*
Jim Donohue
Florida Bar No.:
jdonohue@ausley.com
Kevin A. Forsthoefel
Florida Bar No.: 92382
kforsthoefel@ausley.com
Ausley & McMullen
123 South Calhoun Street (32301)
Post Office Box 391
Tallahassee, Florida  32302
(850) 224-9115
*Attorneys for Terry and Marie Taylor*

## Certificate of Service

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via CM/ECF Electronic system to Allen Turnage (service@turnagelaw.com); Walter Kelley, Chapter 12 Trustee, (dcannon@kelleylovett.com); Albert C. Penson (acp@pendd.com); U.S. Trustee (USTPRegion21.TL.ECF@usdoj.gov); and via First Class U.S. Mail to 2926 Salem Road, Havana, Florida 32333 on this 16th day of April, 2015.

*/s/ Kevin A. Forsthoefel*
Kevin A. Forsthoefel